

FILED
JUN - 4 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MALVA BAILEY,

    Plaintiff,

v.                             Civil Action No. 3:14cv556

CONRAD SPANGLER, DIRECTOR
OF THE VIRGINIA DEPARTMENT
OF MINES, MINERALS AND ENERGY,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the court on DEFENDANT CONRAD SPANGLER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Docket No. 2). For the reasons set forth below, the motion will be denied.

**BACKGROUND**

**I.    Factual Background**

On May 5, 1887 George W. Sutherland executed a deed severing the mineral estate under his surface estate and conveying "all the coal, iron, petroleum oil and [gas] and other ores and minerals lying and being in upon and under all that certain tract of land" to the Virginia Coal and Coke Company. Docket No. 5-1, 5-2. On May 10, 1983, Malva Bailey ("Bailey") executed a deed whereby she purchased the surface estate once owned by the Sutherlands. Docket No. 3-1. Neither deed

discussed the ownership of the mine voids which are spaces on passageways that resulted from the mining of the sub-surface of coal by the owner of the mineral estate.

The Complaint alleges that, at some point after April 9, 2012, Conrad Spangler ("Spangler"), who is the Director of the Commonwealth of Virginia's Department of Mines, Minerals and Energy, "issued [mining permits] to Dickenson-Russell Coal Company, LLC, ["Dickenson-Russell"] under permit numbers 14632AB and 13720 AB." Complaint, Docket No. 1-3 at ¶1. Bailey alleges that those mining permits were issued pursuant to Va. Code Ann. §§ 42.1-181, 55-154.2.

## II. Procedural History

Bailey filed a Complaint in the Circuit Court of the City of Richmond. Docket No. 1-3. The Complaint alleged an unconstitutional takings claim pursuant to 42 U.S.C. §1983 and the Fifth and Fourteenth Amendments of the United States Constitution and requested a declaration that CHAPTER 695, VIRGINIAL ACTS OF ASSEMBLY - 2012 SESSION, An Act to amend and reenact §§ 45.10181 and 55-154.2 of the Code of Virginia is unconstitutional on its face and as applied. Id. at ¶1, 3. That is so, says Bailey, because by issuing mining permits to Dickenson-Russell Coal Company, LLC "to conduct mine operations"

2

in the mine voids beneath her surface estate, Spangler had effected an unconstitutional taking of her property. Id.

Spangler removed the case to this Court. Docket No. 1. Spangler filed DEFENDANT CONRAD SPANGLER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT. Docket No. 2. After the parties fully briefed the motion, it became obvious that the correct interpretation of § 55-154.2 was central to the resolution of both motions. Therefore, this Court certified two questions to the Supreme Court of Virginia which accepted the certification and issued its opinion on May 5, 2015. Docket No. 10. Thereafter, the parties were directed to, and did submit, positions on the status of the motion in light of the decision of the Supreme Court of Virginia. Docket Nos. 11, 12, 13.

### III. Mine Void Ownership in Virginia

This case turns, in part, on the law of mine void ownership in Virginia. In Clayborn v. Camilla Red Ash Coal Co., the Supreme Court of Virginia held that a surface estate owner retains ownership of a mine void if the severance deed does not expressly convey the mine void to the mineral estate owner. 128 Va. 383, 390, 105 S.E. 117, 119 (Va. 1920)[1] ("We think the true and rational view is that the reverter takes place because the grantee has never at any time had a corporeal estate in the

---

[1] The Supreme Court of Virginia was then known as the Supreme Court of Appeals of Virginia.

3

containing walls, and that the conveyance carries the estate in the coal only, with the necessary incidental easement to use the containing walls for support and for the purpose of getting it out.")

In 1981, the Virginia General Assembly passed Va. Code. §55-154.2. This statute superseded the Virginia Supreme Court's holding in <u>Clayborn</u> and stated that, if the severance deed remained silent on the ownership of the mine voids, "the owner of the minerals shall be presumed to be the owner of the shell, container chamber, passage and space opened underground for the removal of the minerals, with full right to haul and transport minerals from other lands and to pass men, materials, equipment, water and air through such space." Va. Code. §55-154.2. The statute further provided that "the provisions of [the] section [would] not affect contractual obligations and agreements entered into prior to July one, nineteen hundred eighty one." <u>Id.</u> This provision was amended and re-enacted in 2012. <u>See</u> 2012 Acts ch. 695; Va. Code. §55-154.2. The amendment does not affect this case.

According to the Complaint, Spangler has been interpreting and applying Va. Code. §55-154.2 to apply retroactively to Bailey's deed, among others, and thus has issued two permits to Dickenson-Russell Coal Company, LLC, permitting it to enter and use the mine voids below Bailey's surface estate. According to

Bailey, § 55-154.2 does not have retroactive effect and thus the permits are an unlawful taking of the property. To resolve this question of statutory interpretation, this Court certified the following questions to the Supreme Court of Virginia:

> (1) Did the enactment of Virginia Code section [55-154.2] in 1981, see Acts of Assembly 1981, c. 291, change the ownership of the shell, container chamber, passage, and space opened underground for the removal of the minerals to the owner of the minerals for coal severance deeds executed before July 1, 1981 that did not otherwise provide for ownership of the shell, container chamber, passage, and space opened underground for the removal of the minerals? In other words, does the presumption of mine void ownership created by the statute apply to deeds executed before July 1, 1981?
>
> (2) If the answer is yes, and the presumption applies to coal severance deeds executed before July 1, 1981, and assuming that a predecessor in interest executed a valid coal severance deed in 1887, then under Virginia law what, if any, ownership interest in the mine voids would a subsequent grantee surface owner take if she were deeded the land in 1983? Would that grantee have any rights to the mine void under Clayborn v. Camilla Red Ash Coal Co., 128 Va. 383 (1920)?

In response, the Supreme Court of Virginia answered the first question in the negative, finding that "the presumption of mine void ownership created by Code §55-154.2 does not apply to deeds executed before July 1, 1981." Docket No. 10 at 9. Because the first question was answered in the negative, the second question was moot. Id. at 10.

5

Thus, although Va. Code § 55-154.2 prospectively alters the presumption of mine void ownership established by <u>Clayborn</u>, it does not apply retroactively to deeds conveying mineral rights that predate July 1, 1981, the effective date of the statute. The severance deed to which Bailey traces her ownership was executed in 1887 and is silent on the issue of mine void ownership. Thus, under the interpretation provided by the Supreme Court of Virginia, Bailey's deed is governed by the presumption established in <u>Clayborn</u>, and Bailey is the owner of the mine voids.

## DISCUSSION

Spangler has moved for dismissal of this case under both Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). If a federal court finds that is does not have subject matter jurisdiction over a case or controversy, it must dismiss the motion. <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 514 (2006). Thus, the question of whether the Court has subject matter jurisdiction, as raised in Spangler's 12(b)(1) motion, must be addressed first.

### I. Fed. R. Civ. P. 12(b)(1) - Subject Matter Jurisdiction

Spangler argues that Bailey does not have standing to pursue her claim, and thus that this Court does not have subject matter jurisdiction in this case. The United States

Constitution's "case-or-controversy" requirement limits the jurisdiction of the federal court system. U.S. Const. Art III §2. To fall within the constitutionally imposed limits on jurisdiction, a plaintiff suing in federal court must have standing to pursue his or her claim.

Over the years, the law of standing has been developed in such a way that it now consists of three elements. "First, the plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendants and not the result of the independent action of some third party not before the court. Third, it must be 'likely', as opposed to merely 'speculative', that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal quotations omitted).

First, Spangler argues that Bailey does not have standing because she has no ownership interest in the mine voids. Docket No. 3 at 3. That argument, of course, has been foreclosed by the decision of the Supreme Court of Virginia that § 55-154.2 is not retroactive.

7

Second, Spangler argues that Bailey "has not shown that her property rights have actually been harmed or are in imminent danger" and thus that she does not have standing. Id. at 5. Bailey responds that her property rights have already been harmed because she "no longer has the property right to use her mine voids as she wishes or to prevent Dickenson-Russell from using her mine voids as a dumping ground for its operations at other locations." Docket No. 4 at 4.

Bailey's Complaint alleges that Spangler has issued two permits that allow Dickenson-Russell, to "trespass and take exclusive use of [her] mine voids." Docket No. 1-3 at 1-2. Although the Complaint does not allege that Dickenson-Russell has begun conducting operations in the mine voids, it does allege that the company has been granted permission to begin conducting such operations. Additionally, Bailey has already lost the right to exclude Dickenson-Russell from her property as a result of the permits. Thus, the threat of Dickenson-Russell's trespass onto Bailey's property is imminent and the revocation of her right to exclude them has already occurred. These actual and imminent injuries satisfy the "injury in fact" requirement.

Moreover, the Complaint alleges that Bailey's property has been unlawfully taken by the issuance of the mine permits. That

8

is an injury in and of itself. So, for this additional reason, Bailey satisfies the injury component of the standing issue.

Finally, Spangler argues that "Bailey has failed to allege a causal connection between her injury and the conduct complained of." Docket No. 3 at 6. Specifically, Spangler argues that Bailey has "failed to plead facts demonstrating that the mining permits in question authorize activities that are harmful to her" and has not "indicated what, if anything, Director Spangler has authorized Dickenson-Russell to do in the mine voids under those permits that would constitute a trespass or otherwise be harmful to her." Id. That argument borders on the frivolous because Bailey has directly tied the injury of which she complains to the permits Spangler has issued, and she has sufficiently alleged that "the injury [is]...fairly traceable to the challenged action of the defendants". Bailey has adequately shown that she has standing and Spangler's Rule 12(b)(1) motion will be denied.

## II. Fed. R. Civ. P. 12(b)(6) – Failure to State a Claim

Next, Spangler alleges that Bailey has failed to meet the federal pleading standard set by Fed. R. Civ. P. 12(b)(6) in that she has not plausibly alleged a claim upon which relief can be granted. Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim" illustrating

9

that the pleader is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Courts are to assume that all well-pled allegations in a complaint are true, and must deny a Rule 12(b)(6) motion to dismiss where the well-pled allegations state a plausible claim for relief. Id. at 679. A claim is "plausible" when the plaintiff pleads facts sufficient to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Twombly, 550 U.S. at 556. A court should grant a motion to dismiss where the allegations are nothing more than legal conclusions, or where they permit a court to infer no more than a possibility of misconduct. See Iqbal, 556 U.S. at 678-79.

Spangler argues that this action should be dismissed because Bailey "has failed to demonstrate that the mine void statute has had any economic impact on her property or that it has interfered with distinct investment-backed expectations." Docket No. 3 at 7. This argument rests on the supposition that Bailey must plead facts sufficient to support an allegation of a regulatory taking under the rubric enumerated in Penn Central Transportation Co. v. City of New York, 438 U.S. 104 (1978).

Spangler argues that the statute at hand should be analyzed as a regulatory taking rather than a <u>per se</u> taking because "there is no alleged physical entry onto land or appropriation of money in an interest bearing account." Docket No. 5 at 8.

Bailey responds that she does not need to allege facts sufficient to satisfy the <u>Penn Central</u> test, but rather that she must only allege facts sufficient to support an allegation of a <u>per se</u> taking, because the permits at issue "transfers property rights from one private party to another private party" and does not simply regulate Bailey's property rights. Docket No. 4 at 8. Further, she argues that a "<u>per se</u> taking can exist without economic injury because it is 'premised on the longstanding recognition that property is more than economic value; it also consists of the group of rights which the so-called owner exercises in his dominion of the physical thing...While the [property rights] at issue...may have no economically realizable value to its owner, possession, control, and dispositions are nonetheless valuable rights that inhere in the property.'" <u>Id.</u> at 8, fn 2 (quoting <u>Phillips v. Washington Legal Foundation</u>, 524 U.S. 156, 170 (1998)).

Bailey presents a <u>per se</u> takings claim and not a regulatory takings claim. The Supreme Court has elaborated on the difference between the two types of takings claims, stating:

11

> When the government physically takes possession of an interest in property for some public purpose, it has a categorical duty to compensate the former owner, regardless of whether the interest that is taken constitutes an entire parcel or merely a part thereof. Thus, compensation is mandated when a leasehold is taken and the government occupies the property for its own purposes, even though that use is temporary. Similarly, when the government appropriates part of a rooftop in order to provide cable TV access for apartment tenants; or when its planes use private airspace to approach a government airport, it is required to pay for that share no matter how small. But a government regulation that merely prohibits landlords from evicting tenants unwilling to pay a higher rent; that bans certain private uses of a portion of an owner's property; or that forbids the private use of certain airspace, does not constitute a categorical taking. The first category of cases requires courts to apply a clear rule; the second necessarily entails complex factual assessments of the purposes and economic effects of government actions.

Brown v. Legal Foundation of Washington, 536 U.S. 216, 233-34 (2003) (internal citations omitted). Here, Bailey is alleging that Spangler, through the two permits at issue and Va. Code §55-154.2, has allowed Dickenson-Russell to enter upon and take physical possession of the mine voids which she owns. She is claiming that the government has permitted a third party to "physically take[] possession" of her property. Thus, she is alleging a per se taking.

Because Bailey is asserting a <u>per se</u> taking claim, she does not have to allege facts sufficient to support "that the mine void statute has had any economic impact on her property or that it has interfered with distinct investment-backed expectations." Docket No. 3 at 7. Thus, Spangler's motion to dismiss for failure to state a claim will be denied.

## CONCLUSION

For the reasons set forth above, DEFENDANT CONRAD SPANGLER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Docket No. 2) will be denied.

It is so ORDERED.

/s/  *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 4, 2015