

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MALVA BAILEY,

    Plaintiff,

v.                                    Civil Action No. 3:14cv556

CONRAD SPANGLER, DIRECTOR
OF THE VIRGINIA DEPARTMENT
OF MINES, MINERALS AND ENERGY,

    Defendant.

## MEMORANDUM OPINION

This matter is before the court on PLAINTIFF'S MOTION FOR REMAND AND COSTS, INCLUDING ATTORNEY FEES, PURSUANT TO 28 U.S.C. § 1447(C) (Docket No. 20). For the reasons set forth below, the motion will be granted in part and denied in part.

## BACKGROUND

### I.  Factual Background

On May 5, 1887 George W. Sutherland executed a deed severing the mineral estate under his surface estate and conveying "all the coal, iron, petroleum oil and [gas] and other ores and minerals lying and being in upon and under all that certain tract of land" to the Virginia Coal and Coke Company. (Docket No. 5-1, 5-2). On May 10, 1983, Malva Bailey ("Bailey") executed a deed whereby she purchased the surface estate once

owned by the Sutherlands. (Docket No. 3-1). Neither deed discussed the ownership of the mine voids, which are spaces on passageways that resulted from the mining of the sub-surface of coal by the owner of the mineral estate.

The Complaint alleged that, at some point after April 9, 2012, Conrad Spangler ("Spangler"), who was the Director of the Commonwealth of Virginia's Department of Mines, Minerals and Energy, "issued [mining permits] to Dickenson-Russell Coal Company, LLC, ["Dickenson-Russell"] under permit numbers 14632AB and 13720 AB." (Complaint, Docket No. 1-3 at ¶ 1). Bailey alleged that those mining permits were issued pursuant to Va. Code Ann. §§ 42.1-181, 55-154.2. She claimed that these actions constituted an unconstitutional taking of private property in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States. (Docket No. 1-3 ¶¶ 2-3).

However, after conducting extensive discovery, Bailey found that Dickenson-Russell had not, in fact, trespassed on her land or attempted to make use of her mine voids pursuant to the above permits. (Docket No. 20, ¶¶ 10-12). Furthermore, Spangler agreed that Va. Code Ann. §§ 42.1-181, 55.154-2 did not apply retroactively to reach severance deeds such as Bailey's. (Docket No. 12, at 1). Thus, Bailey's enjoyment of her mine void rights has been undisrupted. Id.

2

## II. Procedural History

Bailey filed a Complaint in the Circuit Court of the City of Richmond. (Docket No. 1-3). The Complaint alleged an unconstitutional takings claim pursuant to 42 U.S.C. §1983 and the Fifth and Fourteenth Amendments of the United States Constitution and requested a declaration that CHAPTER 695, VIRGINIAL ACTS OF ASSEMBLY - 2012 SESSION, An Act to amend and reenact §§ 45.10181 and 55-154.2 of the Code of Virginia is unconstitutional on its face and as applied. Id. at ¶¶ 1, 3.

Spangler removed the case to this Court. (Docket No. 1). Spangler filed DEFENDANT CONRAD SPANGLER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT. (Docket No. 2). After the parties fully briefed the motion, it became obvious that the correct interpretation of § 55-154.2 was central to the resolution of both motions. Therefore, this Court certified two questions to the Supreme Court of Virginia which accepted the certification and issued its opinion on May 5, 2015. (Docket No. 10). Thereafter, the parties were directed to, and did submit, positions on the status of the motion in light of the decision of the Supreme Court of Virginia. (Docket Nos. 11, 12, 13).

Based on the resolution of the two certified questions by the Supreme Court of Virginia, this Court issued a Memorandum Opinion on June 4, 2015, denying Spangler's Motion to Dismiss. (Docket No. 14). Since that time, however, it has become

3

apparent that Bailey has not suffered an unconstitutional taking, and that Dickenson-Russell has not, in fact, trespassed on her land, and consequently, Bailey lacks standing to pursue her claims. (Docket No. 20, ¶¶ 10-12). Therefore, Bailey filed a Motion Seeking Remand and Costs, Including Attorneys' Fees, under 28 U.S.C. § 1447(c). (Docket No. 20).

**DISCUSSION**

The parties agree that the case should be remanded because Bailey does not have standing, and therefore this Court does not have subject matter jurisdiction in this case. Thus, the only question that remains to be resolved is whether Bailey is entitled to costs and attorneys' fees under 28 U.S.C. § 1447(c). For the reasons set forth below, the Court holds that she is not.

**I. 28 U.S.C. 1447(c)**

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has stated that "the standard for awarding fees should turn on the reasonableness of removal. Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an

4

objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). When applying this test, district courts "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter[.]" Id. at 140. An award of costs and fees under this section should be made "only when such an award is just." Id. at 138.

**A. Objectively Reasonable Basis for Removal**

At the time of removal, Spangler had an objectively reasonable basis for removing the case, and therefore Bailey is not entitled to costs and attorneys' fees. Bailey's single claim, as initially pled, arose solely under federal law, specifically, 42 U.S.C. § 1983. Under 28 U.S.C. § 1331, this Court has original jurisdiction to hear claims arising under federal law. Moreover, a district court has removal jurisdiction where, as here, the action "originally could have been filed in federal court." 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 385, 392 (1987). Bailey does not try to contend that she could not have originally filed this claim in federal court; it is clear from the face of her Complaint that her claim is based on "violation of the Fifth and

5

Fourteenth Amendments to Constitution of the United States." (Docket No. 1-3, ¶ 2). Thus, based on the explicit references to federal law on the face of Bailey's complaint, Spangler's removal was objectively reasonable.

Bailey argues that, because Spangler filed a motion to dismiss based on lack of standing immediately after removing the case to this Court, he could not have had a reasonable basis for removal. (Docket No. 20, ¶ 16). This argument fails because the removal in this case was justified by federal question jurisdiction. Standing, albeit jurisdictional, is an entirely different proposition. It is both common and objectively reasonable to ask a federal court to resolve the issue of standing following removal. See, e.g., Higdon v. Lincoln Nat. Ins. Co., 2014 WL 6951290 (D. Md. Dec. 8, 2014); Coleman v. Beazer Homes Corp., 2008 WL 1848653 (W.D.N.C. Apr. 23, 2008) (holding that even though plaintiffs lacked standing, they were not entitled to attorneys' fees under § 1447(c) because removal was not objectively unreasonable).

In other cases in this circuit where courts have awarded costs and attorneys' fees under § 1447(c), it was clear from the plaintiff's complaint that there was no colorable basis for federal jurisdiction. See, e.g., Int'l Legware Grp. v. Americal Corp., 2010 WL 3603784, at *3-4 (E.D.N.C. Sept. 8, 2010) (holding that attorneys' fees were justified under § 1447(c)

6

because the well-pleaded complaint "relie[d] exclusively upon state law"); Beaufort Cty. School Dist. V. United Nat. Ins. Co., 519 F. Supp. 2d 609, 617 (D.S.C. 2007) (awarding attorneys' fees to plaintiffs under § 1447(c) where defendant in breach of contract case had removed despite obvious lack of diversity); Gibson v. Tinkey, 822 F. Supp. 347, 349 (S.D.W. Va. 1993) (holding that plaintiff was entitled to attorneys' fees under § 1447(c) because removal was "contrary to well-settled authority"). Conversely, even where the presence of a federal question is dubious at best, courts have declined to award attorneys' fees under this section, because even the possibility of a federal question provides an objectively reasonable basis for removal. See, e.g., Fastmetrix, Inc. v. ITT Corp., 924 F. Supp. 2d 668 (E.D. Va. 2013). Here, the claims clearly arose solely under federal law (namely, 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments), and therefore, Spangler's removal was objectively reasonable.

### B. Unusual Circumstances

Second, Bailey argues that this case presents "unusual circumstances" warranting an award of attorneys' fees because "Mr. Spangler took an extreme position regarding the interpretation of the 1981 law that would have deprived Ms. Bailey and thousands of other property owners of their rights."

7

(Docket No. 20, ¶ 17). This argument is also unavailing. As Spangler points out, his position was supported by Virginia precedent. See Horton v. Knox Creek Coal Corp. (Russell Cty. Case No. CL11-65) (Docket No. 5-3). Spangler's argument was not nearly so "extreme" or "unusual" as to constitute "prolonging litigation and imposing costs on the opposing party." Martin, 540 U.S. at 140. Therefore, Bailey's request for costs and attorneys' fees will be denied.

## CONCLUSION

For the foregoing reasons, PLAINTIFF'S MOTION FOR REMAND AND COSTS, INCLUDING ATTORNEY FEES, PURSUANT TO 28 U.S.C. 1447(C) (Docket No. 20) will be granted with respect to the motion for remand. Accordingly, the case is hereby REMANDED to the Circuit Court for the City of Richmond. Plaintiff's request for costs and attorneys' fees will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 5, 2015